U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2017 FEB 15 P 4: 12

JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. **17-CR- 31**

KENNETH CHURCHILL,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Benjamin W. Proctor, Assistant United States Attorney, and the defendant, Kenneth Churchill, individually and by attorney Michael J. Steinle, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.      The defendant has been charged in a one-count information, which alleges a violation of Title 18, United States Code, Section 841(a)(1) and (b)(1)(C).

3.      The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

### COUNT ONE
**THE UNITED STATES ATTORNEY CHARGES:**
On or about July 22, 2015, in the State and Eastern District of Wisconsin,

**KENNETH CHURCHILL**
knowingly and intentionally distributed a mixture and substance containing heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> Federal law enforcement agents received information that Kenneth Churchill was involved in distributing heroin. Based on this information, the agents conduced several controlled buys of heroin from Churchill. Those transactions occurred on May 11, 2015 (5 grams), May 21, 2015 (10 grams), June 3, 2015 (5 grams), June 4, 2015 (5 grams), July 2, 2015 (10 grams), July 22, 2015 (20 grams), and September 22, 2015 (15 grams). During these transactions, Churchill distributed approximately 70 grams of heroin in total.

> For the July 22, 2015 transaction, an undercover law enforcement agent (UC) who had been involved in a prior controlled transaction with Churchill, contacted Churchill on July 21, 2015 and asked if Churchill was able to sell 20 grams of heroin. Churchill responded that he could and they agreed to conduct the transaction the next day. On July 22, 2015, the UC and Churchill exchanged several text messages and ultimately agreed to meet at a Home Depot store parking lot in Milwaukee. Agents set up surveillance of the parking lot and observed Churchill arrive in his Chevrolet Corvette. Churchill was driving and a female was in the passenger seat. UC then approached the driver's-side window of Churchill's Corvette. UC gave Churchill $3000 in prerecorded buy money. Churchill counted the money and directed UC to the otherside of the vehicle. The female in the passenger seat then removed a

2

baggie from her purse and gave it to UC. The baggie contained 20 grams of heroin. Both parties then left the parking lot.

On October 19, 2015, case agents obtained a federal search warrant to search Churchill's business located at XXXX S. 56th Street, West Allis, Wisconsin, and his residence located at XXXX Holz Drive, Muskego, Wisconsin. That same day, UC contacted Churchill asking if Churchill would sell 35 grams of heroin for $5000. After several text messages, they agreed to conduct the transaction on October 22, 2015.

On October 22, 2015, Churchill directed UC to come to his business to conduct the transaction. Agents were prepared to execute the search warrant at that time. Agents entered the business, located Churchill, and took him into custody. Churchill had loaded 9mm Ruger handgun holstered on his right hip and a plastic baggie containing 35 grams of heroin in his pocket.

Shortly after agents executed the warrant at Churchill's business, they executed the warrant at Churchill's residence. During that search, agents recovered a digital scale, a .22 caliber rifle; a .380 caliber Hi-Point handgun; a .40 caliber Glock handgun; a 9mm Springfield Arms handgun; a .45 caliber Taurus handgun; a .45 caliber Ruger P90 handgun; and a box of assorted ammunition. Agents also recovered approximately $17,330.00 in U.S. currency. A search of that currency revealed several bills that matched those provided to Churchill by the UC during the controlled transactions. This includes a $100 bill that had been provided to Churchill by the UC during the July 22, 2015 transaction, and six $100 bills that had been provided to Churchill by the UC during the September 22, 2015 transaction.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, the offense.

## **PENALTIES**

7.     The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years' imprisonment and a $1,000,000 fine. The count also carries a mandatory special assessment of $100, at least 3 years of supervised release, and a maximum of life on supervised release. The parties further recognize that a restitution order may be entered by the court.

3

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of distribution of a controlled substance as charged in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly distributed a substance containing heroin; and

> Second, the defendant knew the substance was some kind of controlled substance.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea,

4

the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

16. The parties agree to recommend to the sentencing court that the relevant conduct attributable to the defendant is at least 100 grams but less than 400 grams of a mixture and substance containing heroin, a Schedule I controlled substance.

## Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 24 under Sentencing Guidelines Manual § 2D1.1.

### Specific Offense Characteristics

18.     The parties agree to recommend to the sentencing court that a 2-level increase under U.S.S.G. § 2D1.1(b)(1) is applicable for possession of a firearm is applicable to the offense level for the offense charged in Count One.

### Acceptance of Responsibility

19.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government may make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

20.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

22.     The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

6

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or

7

supervised release imposed by the court, a complete and sworn financial statement on a form

provided by FLU and any documentation required by the form.

### Fine

27.     The parties agree to recommend to the sentencing court that a fine of $9,050 be imposed

against the defendant.

### Special Assessment

28.     The defendant agrees to pay the special assessment in the amount of $100 prior to

or at the time of sentencing.

### DEFENDANT'S WAIVER OF RIGHTS

29.     In entering this agreement, the defendant acknowledges and understands that he

surrenders any claims he may have raised in any pretrial motion, as well as certain rights which

include the following:

a.      If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.      At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is

8

relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30.  The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31.  The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32.  The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

37. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed

10

against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

38. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

# ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2·15·17

_____
KENNETH CHURCHILL
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2-15-17

_____
MICHAEL J. STEINLE
Attorney for Defendant

For the United States of America:

Date: 2-15-2017

_____
GREGORY J. HAANSTAD
United States Attorney

Date: 2/15/17

_____
BENJAMIN W. PROCTOR
Assistant United States Attorney